UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DERWIN L. BRAXTON, #295921,

        Petitioner,

v.                                                                                                    ACTION NO.
                                                                                                      2:07cv133

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Derwin L. Braxton ("Braxton") was convicted in the Circuit Court for Williamsburg and James City County of second degree murder, use of a firearm and discharging a firearm. Braxton was sentenced to twelve years imprisonment for second degree murder, three years imprisonment for use of a firearm, and three years imprisonment for discharging a firearm.

Braxton appealed his convictions to the Court of Appeals of Virginia, which denied his

petition on August 8, 2001. The Virginia Supreme Court refused Braxton's petition for appeal on January 31, 2002. On October 23, 2002, Braxton signed a habeas petition which was filed in the Circuit Court for Williamsburg and James City County, and was dismissed on September 27, 2005.[1] Braxton's appeal of the decision to the Virginia Supreme Court was refused on March 21, 2006.

Braxton, presently in the custody of the Virginia Department of Corrections at the Sussex II State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 20, 2007. On April 13, 2007, respondent filed a Rule 5 Answer and Motion to Dismiss. Braxton did not file a response to the Motion to Dismiss.

## B. Grounds Alleged

Braxton asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel due to his counsel's failure to call two witnesses and present certain physical evidence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Braxton's action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000). The period of direct review, under 28 U.S.C. § 2244(d)(1)(A)

---

[1] Counsel for respondent indicates in his brief that the petition was filed on December 23, 2002. However, the copy of the petition attached to the motion to dismiss reflects only the date on which the petition was signed, October 23, 2002.

includes the period which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Braxton's order of conviction was final on May 1, 2002. For a prisoner, like Braxton, who does not file a Petition for writ of certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules). See Harris, 209 F.3d at 328 n.1. Braxton's appeal to the Supreme Court of Virginia was refused on January 31, 2002. Therefore, he had until April 30, 2002, to file a petition for a writ of certiorari with the United States Supreme Court. Accordingly, his conviction became final, and the federal limitations period began to run, on May 1, 2002.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

Braxton filed his current petition on March 20, 2007, 1784 days, or almost five years after his conviction became final. Braxton's state habeas proceeding was pending from October 23, 2002, to March 21, 2006, a period 1244 days, or nearly forty-one months. Allowing for the tolling of this period against the federal statute of limitations, 540 days, or seventeen months passed between his

3

convictions becoming final on May 1, 2002 and the filing of his current petition on March 20, 2007. Therefore, Braxton's petition was filed approximately five months after the statute of limitations deadline had expired. This Court cannot reach the merits of Braxton's claims, because the claims are barred by the statute of limitations. Therefore, this Court recommends denial of Braxton's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Braxton's petition for writ of habeas corpus be DENIED as barred by the statute of limitations and the respondent's motion to dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this

court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                        /s/
                                Tommy E. Miller
                        United States Magistrate Judge

Norfolk, Virginia

May 31 , 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Trevor Robinson, Esq.
Associated Law Office of Robinson Neeley & Anderson
256 W. Freemason St.
Norfolk, VA 23510


Eugene Paul Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                  Fernando Galindo, Clerk


                                      By _____
                                              Deputy Clerk

                                              May 31, 2007